```
              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

```
TRAMEC, LLC,                      )
                                  )
           Plaintiff,             )
                                  )
     v.                           )   No.  11 C 0816
                                  )
ROSE INDUSTRIAL PRODUCTS, et al., )
                                  )
           Defendants.            )
```

**MEMORANDUM OPINION AND ORDER**

In consequence of the untimely death of this Court's friend and colleague Honorable William Hibbler, Judge Hibbler's calendar has been redistributed among the other judges of this District Court on a computer-generated basis, and that has brought this action to this Court's calendar.  Although the case is already a bit more than a year old and has a pending and unresolved motion to dismiss two counts of the Amended Complaint ("AC") brought by Tramec, LLC ("Tramec") against Rose Industrial Products, Inc. ("Rose Industrial") and Rex Crawford ("Crawford"), a threshold review of the AC reveals that Tramec has failed in its clear duty to establish federal subject matter jurisdiction, so that dismissal of the action is called for.

Although jurisdiction is sought to be invoked in diversity-of-citizenship terms, Tramec's counsel has not properly identified even one of the three parties litigant as to its or his state or states of citizenship.  As for Rose, AC ¶2 says only

that it "is a corporation organized under the laws of Illinois," while 28 U.S.C. § 1332(c)(1) specifies dual components of citizenship for corporations. As for Crawford, AC ¶3 speaks of him only as "a natural person residing within Illinois," and the cases are legion that a person's place of residence does not equate to that person's state of citizenship (even though that may most often be the case). On that score Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) (brackets in original omitted), quoting Guar. Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996), has again repeated the command that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

Because that mandate has always struck this Court as excessively Draconian where a pleading contains no other defect, it does not always traverse that path. But in this instance dismissal is indeed appropriate because Tramec's counsel have also run afoul of the jurisdictional requirements as to their own client, as to which they allege only this in AC ¶1;

> Plaintiff Tramec is a limited liability company organized under the laws of Delaware.

That allegation, which speaks only of a fact that is jurisdictionally irrelevant when a limited liability company is involved, ignores more than a baker's dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery

of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of the last-mentioned firmly established principle after well over a full decade's repetition by our Court of Appeals and others.

Accordingly this action is dismissed for lack of subject matter jurisdiction, so that the pending partial motion to dismiss the AC is denied as moot. This dismissal is of course without prejudice to the potential refiling of this action in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 26, 2012